UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARREN E. MCKINNEY (#292477)

VERSUS                                                    CIVIL ACTION

STATE OF LOUISIANA                                        NUMBER 13-461-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 26, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARREN E. MCKINNEY (#292477)

VERSUS                                              CIVIL ACTION

STATE OF LOUISIANA                                  NUMBER 13-461-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana.  Plaintiff's complaint is rambling and confusing, but when liberally interpreted it appears he is alleging that state legislators enacted laws creating a system post-conviction relief and segregated such relief from traditional state habeas corpus relief.  Plaintiff further alleged that the post-conviction relief system is subject to modification by the state legislature and does not provide the same constitutional protections as would a writ of habeas corpus.  Plaintiff alleged that the state post-conviction relief system violates numerous provisions of Louisiana Constitution and the U.S. Constitution, impairs the obligations of contract, denies due process, imposes cruel and unusual punishment, and constitutes slavery and involuntary servitude.  Plaintiff sought monetary damages and injunctive relief.

## I. Applicable Law and Analysis

### A. Frivolous Standard

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's complaint should be dismissed as frivolous, for three reasons. First, the plaintiff named the State of Louisiana as the only defendant. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment,

2

it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.

Second, in *Poullard v. Edwards*, CV 94-2504 (M.D. La. 1994), *aff'd*, *Poullard v. Edwards*, 51 F.3d 1043 (5th Cir. 1995)(unpublished), the plaintiff sought a declaratory judgment finding that the Louisiana post-conviction relief procedure is unconstitutional. This court dismissed the case as frivolous. The dismissal was affirmed on appeal. The court of appeals explained that "'[T]hese articles of the Code of Criminal Procedure on post-conviction relief merely implement the *Constitutionally* authorized right, of a court, to issue the writ of habeas corpus.' *State v. Terry*, 458 So.2d 97, 100 (La.1984)." (emphasis in original).

Third, and just as in *Poullard,* the plaintiff did not allege that he applied for and was denied state post-conviction relief. Consequently, the plaintiff failed to allege the deprivation of a federal right, as result of the application of the state's post-conviction relief procedures. Therefore, he has not alleged - and cannot allege - a claim cognizable under 42 U.S.C. § 1983.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, July 26, 2013.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE